UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-160 (NEB/LIB)

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

BENJAMIN JOSEPH ROGGENBUCK,

      Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and defendant Benjamin Joseph Roggenbuck agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal agency.

1.    **Charges**. The defendant agrees to plead guilty to Count 1 and Count 2 of the Indictment, which charge the defendant with Production and Attempted Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e). The defendant fully understands the nature and elements of the charged crimes. The United States agrees that it will not bring additional charges against the defendant for conduct arising prior to the defendant's arrest based on evidence within its knowledge or possession prior to the defendant's guilty plea. Finally, the United States also agrees to move, at sentencing, to dismiss the remaining counts which charge the defendant with Distribution of Child Pornography and Possession of Child Pornography.

SCANNED

SEP 18 2020

U.S. DISTRICT COURT ST. PAUL

The defendant is separately charged in Pennington County, Minnesota, with two counts of felony first-degree criminal sexual conduct and four counts of felony possession of child pornography (case no. 57-cr-20-106). The parties acknowledge that the defendant faces charges at the federal and county level, but agree that the United States has primary jurisdiction.

Pursuant to this agreement, and the terms set forth in the letter from the County (attached as Exhibit A), following the defendant's federal sentencing, the County agrees as follows:

      a.     Pennington County will allow the defendant to resolve his outstanding charges by pleading guilty to the criminal sexual conduct charges in case number 57-cr-20-106, with his state sentence to run concurrent to his federal sentence, and the County will dismiss the remaining charges presently pending against the defendant with prejudice in case number 57-cr-20-106.

      2.     **Factual Basis**. The defendant is pleading guilty because he is guilty of Counts 1 and 2 of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

At all relevant times, the defendant was a resident of and resided in the State and District of Minnesota. The conduct described herein took place in the State and District of Minnesota.

Presently, the defendant has pending charges against him in Pennington County, Minnesota, for Criminal Sexual Conduct in the First Degree and Possession of Pornographic Work Involving Minors. These charges stem from allegations that the defendant sexually abused two relatives, who were prepubescent minors.

The defendant came to the attention of law enforcement in February 2020, when the Minnesota Internet Crimes Against Children Task Force received several CyberTip Reports from the National Center for Missing and Exploited Children ("NCMEC"). The CyberTip Reports noted that a user of a Yahoo! email account had uploaded suspected child pornography images to the account, which included images that appeared to depict newly produced content. Law enforcement subsequently learned that the defendant was engaging in anal sex with his relatives, Minor A and Minor B, and using them to produce child pornography.

Between approximately November 2012 and February 2020, when Minor A was between the ages of 2 and 9, the defendant attempted to and did employ, use, persuade, induce, entice, and coerce Minor A to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct.  Specifically, the defendant produced videos and images that depict the defendant engaging in sexual conduct with Minor A, including the defendant inserting his penis into Minor A's anus and the defendant inserting his penis into Minor A's mouth.  In photographing these images, the defendant intended to produce child pornography.  The defendant agrees that these visual depictions of Minor A, including the image identified in Count 1, were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce.

Between January 2020 and February 2020, when Minor B was 3 years old, the defendant attempted to and did employ, use, persuade, induce, entice, and coerce Minor B to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct.  Specifically, the defendant produced images that depict the

defendant engaging in sexual conduct with Minor B, including the defendant inserting his penis into Minor B's anus, and that depict the lascivious exhibition of Minor B's genitals.  At some point in time, the defendant distributed several of the sexually-explicit images he produced of Minor B on the Internet.  The defendant agrees that these visual depictions of Minor B, including the image identified in Count 2, were produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce.

During the month of February 2020, pursuant to valid search warrants, law enforcement seized numerous electronic devices that the defendant exclusively owned and used.  A search of the devices revealed that the defendant possessed thousands of images and videos of child pornography.  Although much of the defendant's child-pornography collection appears to be produced by others and downloaded by the defendant, he also produced his own child pornography.  The defendant's production of child pornography includes the above-described content he created of Minor A and Minor B.

The defendant's downloaded collection of child pornography includes images and videos depicting, among other things, adult men vaginally and anally penetrating prepubescent children who had not yet attained 12 years of age.  Other material depicts adult women and men engaging in sexual contact with children and children engaging in sexually explicit conduct with one another.  ~~The defendant also possessed sadomasochistic images involving toddlers and children under 18 years of~~ age.

3.    **Waiver of Pretrial Motions**.  The defendant understands and agrees that he has certain rights to file pretrial motions in this case.  As part of this plea

agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file pretrial motions in this case.

4.      **Waiver of Constitutional Trial Rights**.   The defendant understands that he has the right to proceed to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial.  By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.      **Statutory Penalties**.  The defendant understands that Counts 1 and 2 of the Indictment (Production and Attempted Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e)) **each** carry the following statutory penalties:

      a.      a mandatory minimum imprisonment term of 15 years;

      b.      a maximum imprisonment term of 30 years;

       c.      a term of supervised release of at least 5 years and up to a maximum term of life;

       d.      a maximum fine of $250,000;

       e.      a special assessment of $100;

       f.      a $5,000 payment to the Domestic Trafficking Victims' Fund; and

       g.      mandatory restitution in an additional amount to be determined by the Court.

The defendant understands that these penalties separately apply to Counts 1 and 2 of the Indictment. The defendant understands that the Court, in its discretion, could sentence the defendant to consecutive terms of imprisonment on Counts 1 and 2 that could total up to 60 years' imprisonment.

6.      **Revocation of Supervised Release**. The defendant understands that, upon release, he will be subject to conditions of supervised release. The defendant understands that if he violates any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

7.      **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

a.   Count 1 (Production and Attempted Production)

i)   Base Offense Level.  The parties agree that the base offense level is **32**.  U.S.S.G. § 2G2.1(a).

ii)  Specific Offense Characteristics.  The parties agree to the application of the following specific-offense characteristics, which increase the base offense level as follows:

(1)   **4** levels because the offense involved a prepubescent minor who had not attained the age of 12.  U.S.S.G. § 2G2.1(b)(1)(A);

(2)   **2** levels because the offense involves the commission of a sexual act or sexual contact.  U.S.S.G. § 2G2.1(b)(2)(A); and

(3)   **2** levels because the defendant is the parent, relative, or legal guardian of the minor  involved in the offense and the minor was otherwise in the custody, care, or supervisory control of the defendant.  U.S.S.G. § 2G2.1(b)(5).

b.   Count 2 (Production and Attempted Production)

i)   Base Offense Level.  The parties agree that the base offense level is **32**.  U.S.S.G. § 2G2.1(a).

ii)  Specific Offense Characteristics.  The parties agree to the application of the following specific-offense characteristics, which increase the base offense level as follows:

(1)   **4** levels because the offense involved a prepubescent minor who had not attained the age of 12.  U.S.S.G. § 2G2.1(b)(1)(A);

(2)   **4** levels because the offense involves material that portrays a toddler. U.S.S.G. § 2G2.1(b)(4)(B);

(3)   **2** levels because the defendant knowingly engaged in distribution.  U.S.S.G. § 2G2.1(b)(3); and

(4)   **2** levels because the defendant is the parent, relative, or legal guardian of the minor involved in the offense and the minor was otherwise in the custody, care, or

7

supervisory control of the defendant. U.S.S.G. § 2G2.1(b)(5).

c.   <u>Grouping & Combined Offense Level</u>.  The defendant's counts of conviction do not group under the Guidelines. U.S.S.G. § 3D1.2(d).  The defendant's adjusted offense level for Count 1 is **40** (32+4+2+2).  The defendant's adjusted offense level for Count 2 is **44** (32+4+4+2+2).   Because these offense levels are 4 levels apart, 2 levels are added because there are 2 separate units, which results in a 2-level increase to the applicable Guidelines range.  U.S.S.G. § 3D1.4(a).  Accordingly, the defendant's combined offense level is **46**. U.S.S.G. § 3D1.4.

d.   <u>Chapter 4 Adjustments</u>.   Because the defendant engaged in a pattern of activity involving prohibited sexual conduct, the defendant's adjusted offense level is **51**.  U.S.S.G. § 4B1.5(b)(2).

e.   <u>Chapter 3 Adjustments</u>.  Apart from acceptance of responsibility, the parties agree that no Chapter 3 adjustments apply.

f.   <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Whether the reduction will be imposed shall be determined by the Court in its discretion.  In exercising its discretion, the defendant understands that the Court will likely consider the following occurrences: (1) the defendant's truthful testimony during the change of plea and sentencing hearings; (2) the defendant providing full, complete, and truthful Indictment to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engaging in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

The government also agrees to move for an additional 1-level reduction because the defendant timely notified the government of his intention to plead guilty.  U.S.S.G. § 3E1.1(b).

g.   <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1.  This does not constitute a stipulation, but a belief based on an assessment of the information currently known.  The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation

reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

h.    Guidelines Range. An adjusted offense level of **48** (32+4+4+2+2+2+5-3), is reduced to an offense level of **43**. *See* U.S.S.G. Ch. 5, Part A, app. n.2. If the adjusted offense level is **43** and the criminal history category is I, the Sentencing Guidelines recommend **life imprisonment**. But this recommendation is **capped by the statutory maximum sentence of 60 years' imprisonment**. U.S.S.G. § 5G1.1(a).

i.    Fine Range. If the adjusted offense level is **43**, the Sentencing Guidelines fine range is $50,000 to $500,000. U.S.S.G. § 5E1.2(c)(3).

j.    Supervised Release. The Sentencing Guidelines require a term of supervised release of at least five years and up to a maximum term of life. U.S.S.G. § 5D1.2(b)(2).

k.    Sentencing Recommendation and Departures. Due to the unique circumstances of this matter, including the type of sexual abuse and number and type of images at issue, the data available from the defendant's cell phone, and the defendant's willingness to plead, and the benefit the defendant is receiving in also resolving the Pennington County charges against him, the parties agree to the following sentencing recommendations:

        i.    The parties agree to advocate for a term of imprisonment within the range of **240 months (20 years)** and **540 months (45 years)**.

        ii.    The defendant understands that the **mandatory minimum sentence** is 15-years of imprisonment for **each** count while his maximum sentence is 30-years of imprisonment for **each** count, and that the Court in its discretion could sentence the defendant to consecutive terms of imprisonment on Count 1 and Count 2.

        iii.    The parties agree to jointly recommend a term of supervised release of life. They further agree that the defendant's supervised release should contain sex offender specific

conditions such as limited access to the internet and electronic devices with electronic capability, internet monitoring by probation, and searches of the defendant's person and property by probation.

iv.   The defendant agrees and recommends that the Court order that he have no contact with Minor A or Minor B, the minor victims of his crimes, or their immediate family members at any point during his incarceration. The defendant also agrees and recommends that the Court order that he have no contact with Minor A or Minor B or their immediate family members while on supervised release unless specifically approved by probation.

v.    The parties agree to jointly recommend that any sentence imposed run concurrently with any later-imposed sentence in Pennington County. The parties agree to jointly recommend that the defendant serve his concurrent federal and state sentences in federal prison.

vi.   The parties reserve the right to present evidence and argue for the sentence they believe is appropriate, within the confines set forth herein.

8.   **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

9.   **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is

convicted, pursuant to Guideline § 5E1.3.  The defendant agrees to pay the $200 special assessment at the time of sentencing.

10.   **Restitution and Disclosure of Assets**.  The defendant understands and agrees that 18 U.S.C. § 2259 and the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, apply and that the Court is required to order the defendant to make restitution to the victims of his crimes of Production of Child Pornography, including Minors A and B.   The defendant understands and agrees that the Court shall order him to pay restitution to Minor A and Minor B in the amount of no less than $35,000 each.

Pursuant to 18 U.S.C. § 3663A(a)(3), the defendant agrees to pay restitution to any individual whose child pornography image or video he possessed, distributed, received, trafficked, or produced, as determined in the course of the investigation or by NCMEC.   The parties agree that the amount of restitution owed under this subparagraph will be determined using 18 U.S.C. § 2259 to reflect the full amount of victims losses.  The defendant understands that the restitution amount for individuals covered under § 2259(b)(2) shall be no less than $3,000 per individual.

There is no agreement with regard to the amount of additional restitution; however, the defendant understands and agrees that the Court may order the defendant to make restitution to any victims of his crimes regardless of whether the victim was named in the Indictment or whether the victim is included in the count of conviction. The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest.   The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered

by the Court.  The defendant agrees to fully and truthfully complete a financial statement at least 30 days before the date of sentencing.

11.    **Forfeiture**.  The defendant agrees to forfeit all property, real or personal, which constitutes or is derived from proceeds traceable to Counts 1 or 2 of the Indictment, including but not limited to each of the electronic items described in the forfeiture section of the Indictment.  The government reserves its right to seek the direct forfeiture of specific assets, a money judgment forfeiture against the defendant, and the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

12.    **Consent to VTC Change of Plea Hearing**.  The defendant understands his right, pursuant to Federal Rule of Criminal Procedure 11, to attend his plea hearing in court.  However, due to public health considerations related to the COVID-19, the defendant consents to his plea hearing being held via video-teleconference ("VTC").  The United States similarly consents to holding that hearing via VTC.

13.    **Waivers of Appeal and Collateral Attack**.  The defendant understands that 18 U.S.C. § 3742 affords the defendant the right to appeal the sentence imposed in this case.  Acknowledging this right, the defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues, including, but not limited to, restitution, the constitutionality of the statutes to which he is pleading guilty, and whether his admitted conduct falls within the scope of those statutes.  The parties agree, however, that excluded from this waiver is the defendant's right to appeal (1) a term of imprisonment that exceeds 45 years, or (2) an illegal sentence.  In addition, the defendant expressly waives the right to petition under 28 U.S.C. § 2255, but reserves

the right to raise in such a petition the issues of (1) ineffective assistance of counsel or (2) an illegal sentence. The defendant has discussed these rights with his attorney. The defendant understands the rights being waived, and he waives these rights knowingly, willingly, and voluntarily. In exchange, the United States waives its right to appeal the defendant's sentence, unless the imposed term of imprisonment is less than 20 years.

14.     **Sex Offender Registration**.   The defendant understands that by pleading guilty, the defendant will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life.

15.     **FOIA Requests**. · The defendant knowingly, willingly, and voluntarily waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16.   **Complete Agreement**.   This, and any agreement signed by the parties before entry of this plea, is the entire agreement and understanding between the United States and the defendant.

ERICA H. MACDONALD
United States Attorney

Date: _9/16/2020_

*Chelsea A. Walcker*

BY:   CHELSEA A. WALCKER
Assistant United States Attorney

Date: _9/11/2020_

BENJAMIN JOSEPH ROGGENBUCK
Defendant

Date: _9/16/2020_

BRIAN N. TODER
Counsel for Defendant

14